IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CELIA J. DUPUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-853-C |
| | ) | |
| BRECKENRIDGE WIND PROJECT, | ) | |
| LLC, a Delaware limited liability | ) | |
| company, and NEXTERA ENERGY | ) | |
| RESOURCES, LLC, a Delaware limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed a Petition in the District Court of Garfield County, Oklahoma, alleging counts of negligence, trespass, and nuisance. Defendants removed the case to this Court on August 10, 2017. Now before the Court is Defendants' Motion to Dismiss (Dkt. No. 20). Plaintiff has responded and the Motion is now at issue.

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a complaint or counterclaim must contain enough allegations of fact which, when taken as true, "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Claimants must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. Id. When considering a motion to dismiss, courts looks to

the complaint and those documents attached or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader.  Pace v. Swidlow, 519 F.3d 1067, 1072 (10th Cir. 2008).  Thus, the starting point in resolving Defendants' Motion is to examine the factual allegations supporting each claim Defendants wish the Court to dismiss.

This case arises from the relationship between the parties that began as a Collection Easement and Option[*] where Breckenridge Wind Project, LLC, and Celia Dupus entered into an agreement allowing Breckenridge and its agents to install electric transmission lines for a wind farm over Dupus's property.  The Petition alleges two tracts as Dupus's property that suffered damage and Breckenridge had permission to enter only Tract 1.

The Petition did not include a statement that Plaintiff could not have discovered the alleged harms with reasonable diligence prior to June 2015.  Without such a statement, all three claims are untimely.  See Marshall v. Fenton, Fenton, Smith, Reneau & Moon, P.C., 1995 OK 66, ¶ 6, 899 P.2d 621, 623 (limitations period begins to run from the date plaintiff should have discovered the harm and damage had occurred).  Assuming Plaintiff can amend the flaw, then the following corrections must be made for the claims to survive.

Plaintiff must specify which Defendant allegedly caused harm for each claim, state Defendant Nextera Energy's connection to the land, the damage, and/or the Collection Easement and Option, and identify what harm actually occurred for each claim.  The

---

[*] Referenced in the Petition as "Defendants had authority to enter Tract 1 pursuant to the Collection Easement and Option granted by Plaintiff." (Pet., Dkt. No. 1-1, p. 2.)  If Plaintiff files an Amended Petition, the Collection Easement and Option should be attached.

nuisance claim must state whether the claim is brought pursuant to Oklahoma common law or statute and specify how both Defendants possessed the neighboring property. The negligence claim must specify what duty both Defendants owed to Plaintiff and how the Defendants allegedly breached the duty. As it stands, the Petition may state a general trespass claim against some defendant, but it is not specific enough for the named Defendants to answer.

## CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss (Dkt. No. 20) is GRANTED. The Petition is dismissed without prejudice, and Plaintiff may file an Amended Petition that cures the deficiencies described herein within fourteen (14) days of the date of this Order.

IT IS SO ORDERED this 26th day of October, 2017.

ROBIN J. CAUTHRON
United States District Judge