IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CELIA J. DUPUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-853-C |
| | ) | |
| BRECKENRIDGE WIND PROJECT, | ) | |
| LLC, a Delaware limited liability | ) | |
| company, and NEXTERA ENERGY | ) | |
| RESOURCES, LLC, a Delaware limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss Amended Petition/Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).[*] (Dkt. No. 30.) Plaintiff has responded and the Motion is now at issue.

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and the subsequent decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a complaint or counterclaim must contain enough allegations of fact which, when taken as true, "state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at

---

[*] Defendants' counsel, admitted *pro hac vice*, should take notice of LCvR7.1(i). The reply was filed late, exceeded the page limit, and asserted repetitive arguments. Because this is counsel's first error, the Court will take the document under consideration rather than striking it from the record.

570. Claimants must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. Id. When considering a motion to dismiss, courts looks to the complaint and those documents attached or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. Pace v. Swidlow, 519 F.3d 1067, 1072 (10th Cir. 2008). Thus, the starting point in resolving Defendants' Motion is to examine the factual allegations supporting each claim Defendants wish the Court to dismiss.

This case arises from the relationship between the parties that began as a Collection Easement and Option where Breckenridge Wind Project, LLC ("Breckenridge") and Celia Dupus entered into an agreement allowing Breckenridge and its agents to install electric transmission lines for a wind farm over Dupus's property. Plaintiff alleges Defendants Breckenridge and Nextera Energy Resources, LLC ("Nextera") worked together on the project and Nextera rendered payment to Plaintiff. The Amended Petition describes two tracts as Dupus's property that suffered damage and Defendants had permission to enter only Tract 1.

Defendants' arguments regarding Plaintiff's ability to discover the alleged harm are based on questions of fact and are not proper at this stage. See Ashcroft, 556 U.S. at 678 (2009). Plaintiff claims Defendant Breckenridge was party to the Collection Easement and Option and the Amended Petition demonstrates circumstances connecting the two Defendants to the actions conducted on Plaintiff's property. This is sufficient to put both Defendants on notice that Plaintiff alleges they committed the wrongs for all counts.

Plaintiff has not successfully stated a claim of negligence as to Tract 1 that is separate from the breach of contract claim as to Tract 1. Oklahoma law does not permit tort claims and breach of contract claims to arise from the same facts. See New Cingular Wireless, PCS, LLC v. Boone, No. CIV-10-0982-HE, 2011 WL 672551, at *2 (W.D. Okla. Feb. 15, 2011). Here, the Amended Petition states Defendants owed a duty to "exercise reasonable care in the exercise of [the] Collection Easement [and Option] over Tract 1." (Am. Petition, Dkt. No. 27, p. 5.) Plaintiff alleges Defendants "violated that duty by negligently failing to exercise reasonable care in using the easement option on Tract 1." Id. at p. 6. The duty and alleged breach cannot exist without a breach of the contract. Thus, the negligence claim as to Tract 1 is dismissed with prejudice. In contrast, the negligence claim as to Tract 2 is independent from the breach of contract claim as the Collection Easement and Option did not encompass this property. This portion of the claim remains.

The Court finds Plaintiff has sufficiently stated a breach of contract claim as to Tract 1. The claim does not apply to Tract 2 because the parties agree the Collection Easement and Option did not include this parcel. Therefore, the breach of contract claim as to Tract 2 is dismissed with prejudice.

Defendants' Motion requests the dismissal of Plaintiff's claim of breach of good faith and fair dealing. The independent tort of bad faith is available as a remedy to the breach of the duty of good faith and fair dealing only in certain circumstances. Embry v. Innovative Aftermarket Sys. L.P., 2010 OK 82, ¶ 4, 247 P.3d 1158, 1160. The general remedy is breach of contract and the independent tort of bad faith is available when a special relationship exists between the parties. Combs v. Shelter Mut. Ins. Co., 551 F.3d

991, 999 (10th Cir. 2008). Oklahoma courts have found a special relationship between the parties in limited circumstances, usually between an insurer and insured. Id. (citing Wathor v. Mut. Assur. Adm'rs, Inc., 2004 OK 2, ¶ 5, 87 P.3d 559, 561, as corrected (Jan. 22, 2004)).

Plaintiff argues this claim is an alternative to contract damages and is thus distinct from the claim requiring a special relationship. Plaintiff cites no authority for this argument and the Court finds it meritless. Plaintiff has failed to allege any facts indicating the existence of a special relationship that could support a breach of good faith and fair dealing claim. This claim is dismissed with prejudice.

The request for punitive damages and Plaintiff's notice that she intends to attempt to pierce the corporate veil are sufficient to withstand a motion to dismiss. The remaining claims include negligence as to Tract 2, trespass as to both tracts, private nuisance as to both tracts, and breach of contract as to Tract 1.

## CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss Amended Petition/Complaint (Dkt. No. 30) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 28th day of December, 2017.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge