IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CELIA J. DUPUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-17-853-C |
| | ) | |
| BRECKENRIDGE WIND PROJECT, | ) | |
| LLC, a Delaware limited liability company, | ) | |
| and NEXTERA ENERGY RESOURCES, | ) | |
| LLC, a Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Now before the Court are Defendants' Motions to Dismiss (Dkt. Nos. 74, 78); Plaintiff's responses thereto (Dkt. Nos. 76, 80); Plaintiff's motions seeking to keep the case open (Dkt. Nos. 75, 79); and Defendants' response thereto (Dkt. No. 81). The Motions are now at issue.

Plaintiff initiated this litigation in June 2017 in state court, alleging Defendants installed cable on her property without obtaining permission. (See generally Dkt. No. 1; see also Dkt. No. 27.) It was thereafter removed to this Court, where the case proceeded to discovery until the parties began formal settlement discussions in October 2018, conducted by Magistrate Judge Bernard B. Jones. At the end of that month, after multiple settlement conferences with Judge Jones, the Court entered an administrative closing order on the representation from Judge Jones' chambers that the parties had reached a settlement accord. (See Dkt. No. 57.)

That order administratively closed this case without prejudice "to the rights of the parties to reopen the proceeding for good cause shown, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation." (Id.)  The Court further warned that if the parties failed to move to reopen the case within 20 days "for the purpose of dismissal pursuant to the settlement and compromise, Plaintiff's action shall be to be deemed dismissed." (Id.)

Ever since, Plaintiff has routinely requested that the Court keep the case open, in order to finalize the settlement agreement. (See, e.g., Dkt. Nos. 58, 60, 62.)  The Court has generally acquiesced. (See, e.g., Dkt. Nos. 59, 61, 63.)  But on July 2, 2019, in response to Plaintiff's fifth request for an extension of the administrative closing order, the Court declined to enter one. (See Dkt. No. 77.)  The Court, instead, granted the parties 45 days to dismiss this case pursuant to a settlement agreement, and warned them that failure to do so would result in the Court dismissing the case with prejudice. (Id.)  The case is thus not currently closed pursuant to any administrative closing order.

Plaintiff now seeks to keep the case open, even though the parties have already executed a settlement agreement.[1]  She seeks to do so because, in her view, Defendants have not "completed [their] agreed obligations." (Dkt. No. 79, p. 2.)  According to Plaintiff, under the settlement agreement, Defendants were required to "perform certain reclamation work to Plaintiff's real property." (Id. at 2.)  But those efforts allegedly left

---

[1] It appears that Plaintiff signed the agreement June 10, 2019, and Defendants signed it on July 30, 2019.  Plaintiff does not dispute the veracity of these documents or the existence of an executed settlement agreement.

2

her property "in a condition that does not allow it to properly drain rainfall, thereby creating various issues on the property." (Id. at 1-2.) So Plaintiff urges the Court to keep this case open, apparently in an effort to force Defendants to comply with the settlement agreement. Defendants deny these allegations, and believe that this suit should either be dismissed or litigated on the merits.

Because the parties have executed a settlement agreement in this case, the Court finds that Plaintiff's attempts to keep the case open pursuant to those terms are improper. The Court's orders have repeatedly warned the parties that they needed to dismiss this case pursuant to a settlement agreement. In other words, the Court has made clear that this case would be terminated upon the execution of a settlement agreement, and it continually kept the case open in order to ensure this result. (See, e.g., Dkt. Nos. 73, 77.) But the Court has never signaled that it intended to keep the case open in order to enforce the terms of that agreement.[2] Accordingly, the Court finds that this is an improper basis for keeping the case open, and that it should be dismissed with prejudice pursuant to its previous order.[3]

---

[2] See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994) (Once a federal suit is dismissed pursuant to a settlement agreement, the federal district court generally does not retain ancillary jurisdiction to enforce the terms of that agreement, unless that court—in its previous orders—expressly reserved jurisdiction to adjudicate claims arising from the agreement or incorporated the terms of the settlement agreement.); see also Cattlco, LLC v. United AG Export Corp., Case No. 07-CV-2066-BNB-KLM, 2009 WL 973562, (D. Colo. 2009) (Under Kokkonen, where the district court has administratively closed the case, but not yet dismissed it, it is without jurisdiction to enforce the terms of the settlement agreement unless the Court expressly retained jurisdiction to do so or incorporated the agreement into any of its orders.).

[3] To the extent Plaintiff has further issues with Defendants' conformity to the terms of the agreement, she is free to bring a separate breach of contract action.

For these reasons, Defendants' Motions to Dismiss (Dkt. Nos. 74, 78) are GRANTED and Plaintiff's motions seeking to keep the case open (Dkt. Nos. 75, 79) are DENIED. This case is hereby DISMISSED with prejudice. A separate judgment will issue.

IT IS SO ORDERED this 23rd day of September, 2019.

ROBIN J. CAUTHRON
United States District Judge